**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

OSCAR JUAREZ, JR.,

Plaintiff,

vs. Civ. No. 26-3497 JFR/SCY

HECTOR JAUREGUI; TEZ JET, INC;
DAK EXPRESS; DOUBLE D
TRUCKING LLC; and NAVIGATORS
INSURANCE COMPANY,

Defendants.

**ORDER TO AMEND NOTICE OF REMOVAL**

This matter comes before the Court sua sponte, following its review of the Notice of Removal, filed by Defendant Hector Jauregui on October 19, 2026. Doc. 1. Defendant Jauregui removed this action to federal court citing diversity jurisdiction. *Id.* ¶ 15. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). "[T]he ultimate burden of establishing complete diversity" lies with "the party seeking to invoke federal jurisdiction." *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1306 (10th Cir. 2025); *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

Here, the notice of removal fails to allege facts necessary to sustain diversity jurisdiction. First, the notice of removal provides no information as to the citizenship of Defendant Tez Jet, Inc. *See* Doc. 1 at 4, ¶¶ 17-22 (providing citizenship information as to the other parties, but not Tez Jet).

Second, as to Defendant Double D Trucking, LLC, the notice of removal alleges that it is "is a foreign limited liability company organized and existing under the laws of the Iowa, with its principal office in Waterloo, IA. Accordingly, Double D Trucking, LLC is a citizen of Iowa and can be deemed to be a citizen of Iowa and not a citizen of New Mexico or Texas." Doc. 1 at 4, ¶ 19. But determining the citizenship of an unincorporated entity such as limited liability company (LLC) is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See id.* § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"). The notice of removal does not provide any information as to the citizenship of Defendant Double D Trucking's members.

Accordingly, the Court will give the removing defendant the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal

place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS THEREFORE ORDERED** that Defendant Jauregui amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **November 12, 2026**.

**IT IS FURTHER ORDERED** that if such an amended notice of removal is not filed by November 12, 2026, the Court may remand this action back to state district court.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE